UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CARL MONK,<br><br>        Plaintiff,<br><br>        v.<br><br>DAVID FITTS, Judge Superior Court County of Los Angeles, *et al.*,<br><br>        Defendants. | No. CV 14-8757 UA (FFM)<br><br>ORDER TO SHOW CAUSE WHY REQUEST TO *PROCEED IN FORMA PAUPERIS* SHOULD NOT BE DENIED FOR FAILURE TO STATE A CLAIM |

    Plaintiff, who is currently incarcerated in Pleasant Valley State Prison, California, submitted a *pro se* complaint ("Complaint") herein pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis* ("IFP").

    Plaintiff alleges that his due process rights were violated when defendants David N. Fitts, Steve Cooley, and Steven Johnson destroyed records and evidence relating to his 1980 conviction. (Complaint at 5.)

    After careful review and consideration of the Complaint, the Court finds that the Complaint fails to state a claim on which relief may be granted against any of the defendants, for the reasons discussed hereafter. Therefore, the Court will not grant plaintiff's IFP application at this time. However, the Court will offer plaintiff the opportunity to file an amended complaint that remedies the defects pointed out herein, before denying plaintiff's application outright. *See Lopez v. Smith*, 203 F.3d 1122,

/ / /

1130-31 (9th Cir. 2000) (leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (quoting *Balistreri*, 901 F.2d at 701).

### A.     Plaintiff's Allegations.

Plaintiff names the following individuals and entities as defendants: the Los Angeles County Superior Court and/or the Honorable David N. Fitts; Steve Cooley, the district attorney of Los Angeles County [*sic*], in his individual and official capacities; and Steven Johnson, the commanding officer of the LAPD's property division, in his individual and official capacities. (Complaint at 3.)

Plaintiff alleges that in 1980, he was convicted of kidnapping and rape in a trial before Judge Fitts. (Complaint at 5.) Plaintiff was sentenced to life in prison without the possibility of parole. (*Id.*) Each of the four victims testified that she received a full examination, including a pap smear, after reporting the crime. (*Id.*)

Beginning in 2004, plaintiff sought postconviction DNA testing. The Los Angeles Superior Court ultimately denied discovery. (Complaint at 6a-6b.) In July 2009, plaintiff again sought postconviction DNA testing. In November 2009, the Superior Court denied the request because the pap smears had been destroyed by the LAPD. (Complaint at 6b.) In addition, the transcripts and exhibits from plaintiff's trial had been destroyed by the Superior Court in 1983. (*Id.*) The district attorney's files from plaintiff's case could not be found; nor could the police reports. (*Id.*)

Plaintiff contends that in destroying the transcripts, files, and evidence, defendants failed to comply with "the law" and deprived him of his right to the "effective presentation of his appeal [*sic*]." (Complaint at 6b.) He alleges that his due process rights were therefore violated. (*Id.*) Plaintiff seeks to hold the Superior Court liable for the destruction of the trial transcripts and trial exhibits; Cooley for the destruction of the DNA evidence, police reports, and district attorney files; and Johnson for the destruction of the DNA evidence and police reports. (*Id.*)

/ / /

/ / /

### B. The Eleventh Amendment Bars Plaintiff's Claims Against the Superior Court and Its Employees.

Plaintiff cannot state a claim against the Los Angeles County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment. *Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Thus, plaintiff's claim that the Superior Court violated his due process rights by destroying his trial transcripts and exhibits is not cognizable herein.

### C. Plaintiff Fails to State a Claim Against Judge Fitts.

"A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although plaintiff names Judge Fitts as a defendant in the Complaint's caption, he alleges that the Superior Court, rather than Judge Fitts, destroyed the records in question. (*See* Complaint at 1, 6a-6b.) In fact, plaintiff does not allege that Judge Fitts engaged in any specific act or omission that violated plaintiff's constitutional rights. (*See id.* at 6a-6b.) Accordingly, plaintiff fails to state a claim against Judge Fitts.

Furthermore, judges are absolutely immune from suit for actions take in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, at 9, 11-13, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Accordingly, to the extent plaintiff sues Judge Fitts for his actions in plaintiff's trial and/or postconviction proceedings, such claims are not cognizable herein.

/ / /
/ / /
/ / /
/ / /

D.  **Plaintiff Has No Due Process Right to DNA Evidence, or Other Exculpatory or Potentially Exculpatory Evidence, in Postconviction Proceedings.**

A defendant found guilty after a fair trial has no substantive right under the Due Process Clause to the disclosure of material exculpatory evidence in postconviction proceedings. *District Attorney's Office v. Osborne*, 557 U.S. 52, 68-69, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009) (rejecting lower court's conclusion that *Brady*[1] applies postconviction); *Jones v. Ryan*, 733 F.3d 825, 837 (9th Cir. 2013) ("The State had no duty to disclose evidence, exculpatory or otherwise, in *Jones's* initial federal habeas corpus proceeding"). Similarly, the state has no constitutional obligation postconviction to preserve forensic evidence that might later be tested. *See Osborne*, 557 U.S. at 74; *see also Ferguson v. Roper*, 400 F.3d 635, 638 (8th Cir. 2005) (holding that *Youngblod*[2] does not apply postconviction); *accord Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("The district court concluded that because the Supreme Court has not clearly established that post-conviction destruction is a due process violation, the petitioner's claim in this regard could was not cognizable on federal habeas review. We agree . . . ."). Thus, a defendant does not have a freestanding constitutional right of access to state evidence for the purposes of DNA testing that might prove him innocent. *Osborne*, 557 U.S. at 72-74. Accordingly, defendants' alleged failure to preserve the DNA evidence did not, in itself, violate plaintiff's constitutional rights. *See id.* Nor did defendants' alleged failure to preserve other

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) (holding that prosecution's suppression of material evidence favorable to defendant violates due process).

[2] *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988) (holding that police or prosecutor's failure to preserve potentially useful evidence constitutes denial of due process if done in bad faith).

exculpatory or potentially exculpatory evidence, including the police reports and district attorney files.

The Supreme Court has held that state law may create a liberty interest in access to DNA evidence postconviction. *See id.* at 64-65, 69-70. However, plaintiff does not allege that California law provides such a right. (*See generally* Complaint.) Moreover, a federal court may upset a state's postconviction proceedings only "if they are fundamentally inadequate to vindicate the substantive rights provided." *Osborne* at 69. Plaintiff does not allege that California's postconviction proceedings are inadequate to vindicate an alleged state-created right to DNA evidence. (*See generally* Complaint.)

**E.     The Eleventh Amendment Bars Plaintiff's Claims for Monetary Damages Against the Individual Defendants in Their Official Capacities.**

"[T]he eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding that neither state nor its officers acting in their official capacities are "persons" subject to suit under Section 1983). Thus, to the extent plaintiff seeks money damages against any defendant in his official capacity, such claims are barred.

**F.     Plaintiff Will Be Given Leave to Amend His Complaint.**

Rather than simply denying the application to proceed *in forma pauperis* for failure to state a claim, the Court will provide plaintiff with an opportunity to submit an amended complaint that states a cognizable claim. Plaintiff may submit such amended complaint within 30 days of the date of this order. If plaintiff fails to submit

///

///

an amended complaint that states a claim within 30 days, the Court will deny plaintiff's request to proceed *in forma pauperis*.

IT IS SO ORDERED.

DATED: November 20, 2014

                                            /S/ FREDERICK F. MUMM
                                            FREDERICK F. MUMM
                                            United States Magistrate Judge